**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **J. KATE STICKLES**<br>**JUDGE** |  | **824 NORTH MARKET STREET**<br>**WILMINGTON, DELAWARE**<br>**302-252-3820** |

April 6, 2026

<u>**VIA CM/ECF**</u>

David R. Hurst, Esquire
McDermott Will & Schulte LLP
1000 N. West Street, Suite 1400
Wilmington, DE 19801
dhurst@mcdermottlaw.com

Brian J. McLaughlin, Esquire
Offit Kurman, P.A.
222 Delaware Avenue, Suite 1105
Wilmington, DE 19801
brian.mclaughlin@offitkurman.com

James Pardo, Esquire
McDermott Will & Schulte LLP
One Vanderbilt Avenue
New York, NY 10017-3852
jpardo@mcdermottlaw.com

Jason A. Nagi, Esquire
Offit Kurman, P.A.
590 Madison Avenue, 6th Floor
New York, NY 10022
jason.nagi@offitkurman.com

**RE:   In re Prime Core Technologies, Inc., et al., Del. Bankr. Case No. 23-11161 (JKS)**
**PCT Litigation Trust v. Bosonic, Inc., Adv. Pro. No. 25-52031 (JKS)**
**Related to Adv. D.I. 20, 25, 27, and 29**

Dear Counsel:

The Court is in receipt of Defendant Bosonic, Inc.'s Motion to Stay Discovery Pending Resolution of Its Dispositive Motion to Dismiss (Adv. D.I. 20[1]) ("<u>Motion to Stay Discovery</u>"), which has been fully briefed and is ripe for disposition.  Adv. D.I. 29.[2]  Following is the Court's ruling on the Motion to Stay Discovery.

---

[1]  Citations to D.I. __ reference the docket in the lead bankruptcy case, *In re Prime Core Technologies Inc.*, Case No. 23-11161.  Citations to Adv. D.I. __ reference the docket in this adversary proceeding, *PCT Litigation Trust v. Bosonic, Inc.,* Adv. Pro. No. 25-52031.

[2]  The defendant requested oral argument on the Motion to Stay Discovery.  Adv. D.I. 29.  The Court did not hear oral argument because the facts and legal arguments are adequately presented in the briefs, and the decisional process would not be significantly aided by oral argument.

*PCT Litigation Trust v. Bosonic, Inc.*
Adv. Pro. No. 25-52031 (JKS)
April 6, 2026
Page 2

By way of background, on August 14, 2025, PCT Litigation Trust ("PCT") filed a complaint against defendant Bosonic, Inc. ("Bosonic").  On October 31, 2025, Bosonic filed a motion to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion to Dismiss").  Adv. D.I. 16.  Thereafter, Bosonic filed its Motion to Stay Discovery.

The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).  The adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

Federal Rule 26(c), made applicable by Bankruptcy Rule 7026, provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending."[3]  The Court has broad discretion to decide stay requests.[4]  "Courts typically rely on three factors to determine whether a stay is appropriate: (1) whether granting the stay will simplify issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage."[5]  Here, the factors favor denying a stay of discovery.

Bosonic asserts that adjudication of the Motion to Dismiss will dispose of the entire adversary proceeding because (i) the Transfers (as defined in the Motion to Dismiss) were not directed by or made to or for the benefit of Bosonic; and (ii) the wallet addresses/email identifiers did not belong to Bosonic.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[6]  "[M]atters of docket control and conduct of discovery are committed to the sound discretion of the district court."[7]  "A stay of discovery is

---

[3]  Fed. R. Civ. P. 26, made applicable to these proceedings by Fed. R. Bankr. P. 7026.

[4]  *Elfar v. Twp. of Holmdel*, No. 24-1353, 2025 WL 671112, at *5 (3d Cir. Mar. 3, 2025) ("District courts retain broad discretion to manage the docket and resolve discovery disputes.").  *See In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) ("[M]atters of docket control and conduct of discovery are committed to the sound discretion of the district court.").

[5]  *FTX Recovery Tr. v. Meerun*, 669 B.R. 575, 576–77 (Bankr. D. Del. 2025) (citations and footnotes omitted).

[6]  *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936) (citations omitted).

[7]  *In re Fine Paper Antitrust Litig.*, 685 F.2d at 817 (citations omitted).  The Third Circuit "will not upset a district court's conduct of discovery procedures absent a demonstration that the court's action made it impossible to obtain

*PCT Litigation Trust v. Bosonic, Inc.*
Adv. Pro. No. 25-52031 (JKS)
April 6, 2026
Page 3

not appropriate *solely* because a motion to dismiss is pending."[8]  A "court may enter a protective order staying discovery when a motion to dismiss for failure to state a claim on which relief may be granted is pending if the district court is convinced that the plaintiff will be unable to state a claim for relief."[9]  "Rule 26(c) places the burden of persuasion on the party seeking the protective order.  To overcome the presumption, the party seeking the protective order must show good cause by demonstrating a particular need for protection.  Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."[10]

As to prongs one and two, this adversary proceeding is in its infancy – no trial date has been set.  On the one hand, a stay of discovery could arguably impede progress and delay ultimate adjudication of the adversary proceeding; thus, weighing against a stay.  On the other hand, a ruling on the Motion to Dismiss may simplify issues for trial or obviate the need for trial.  The Court need not evaluate the legal merits of the Motion to Dismiss.[11]  The movant must meet a "high bar" for a stay motion to be successful; in other words, a stay is only warranted "when the defendant makes a clear and convincing showing that the motion to dismiss will likely be granted."[12]  It is enough to "take known factors (e.g., the scope of the motion as it relates to the claims and issues in the cases) and assess how they might weigh in favor or against simplification."[13]  Simplifying the issues at this early stage in the adversary proceeding weighs in favor of a stay; however, Bosonic did not meet the "high bar" of a clear and convincing showing that the Motion to Dismiss will likely be granted.[14]  Thus, prong one weighs against a stay and prong two, due to early stages of the adversary proceeding, weighs in favor of a stay.

---

crucial evidence, and implicit in such a showing is proof that more diligent discovery was impossible."  *Id.* at 818 (citations omitted; cleaned-up).

[8]  *Pennsylvania v. Navient Corp.*, 348 F. Supp. 3d 394, 401 (M.D. Pa. 2018) (emphasis added; citations omitted). *See also Udeen v. Subaru of Am., Inc.*, 378 F. Supp. 3d 330, 332 (D.N.J. 2019) (holding that "the mere filing of a motion to dismiss does not stay discovery.").

[9]  *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011) (citations omitted; cleaned-up).

[10]  *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) (citations omitted).

[11]  *Ainger v. Great Am. Assurance Co.*, No. 1:20-CV-00005-WAL-EAH, 2022 WL 3139079, at *6 (D.V.I. Aug. 4, 2022) (collecting cases) ("In numerous districts, magistrate judges have adopted a 'preliminary peek' approach in deciding whether to stay a case pending resolution of a dispositive motion.").

[12]  *Ainger*, No. 1:20-CV-00005-WAL-EAH, 2022 WL 3139079 at *7 (footnote omitted; citations omitted; cleaned-up).

[13]  *FTX Recovery Tr. v. Meerun*, 669 B.R. 575, 577 (Bankr. D. Del. 2025).

[14]  *Ainger*, No. 1:20-CV-00005-WAL-EAH, 2022 WL 3139079, at *6; *Elfar*, No. 24-1353, 2025 WL 671112 at *5 (holding that "[c]ourts may reasonably stay discovery pending a motion to dismiss where the motion may render discovery futile.").

*PCT Litigation Trust v. Bosonic, Inc.*
Adv. Pro. No. 25-52031 (JKS)
April 6, 2026
Page 4

Bosonic asserts that a stay of discovery would not prejudice PCT because the stay request was made at the earliest stages of the litigation; the parties are not competitors, which might otherwise weigh against a stay; and PCT filed this adversary proceeding shortly before the expiration of the statute of limitations. "Given the extensive briefing on defendants' motion and the expected time it will take for the motion to be decided, the case will be in suspense for months if defendants' request is granted. Having filed their complaint plaintiffs have a right to move forward."[15]

Additionally, Bosonic asserts that it should not have to incur the substantial burden and expense of discovery in a "meritless case." Significant legal expenses are "not a proper basis" for a stay of discovery.[16] The third prong weighs against staying discovery.

For the reasons discussed above, the Court will not stay discovery until the Motion to Dismiss is decided. An order will follow.

Very truly yours,

J. Kate Stickles
United States Bankruptcy Judge

---

[15] *Udeen v. Subaru of Am., Inc.*, 378 F. Supp. 3d 330, 333 (D.N.J. 2019) (citations omitted).

[16] *Standard Chlorine of Delaware, Inc. v. Sinibaldi*, 821 F. Supp. 232, 262 (D. Del. 1992).